Steven W. Ritcheson (SBN 174062)
INSIGHT, PLC
578 Washington Blvd., #503
Marina del Rey, CA 90292
(818) 744-8714
swritcheson@insightplc.com

Hao Ni (*pro hac vice to be filed*)
hni@nilawfirm.com
Texas Bar No. 24047205
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
(972) 331-4600

*COUNSEL FOR PLAINTIFF*
*IMAGE PRO SOLUTIONS LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IMAGE PRO SOLUTIONS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>LIGHTFORM, INC.,<br><br>*Defendant*. | Civil Action No. [ ]<br><br>ORIGINAL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Image Pro Solutions LLC ("Image Pro" or "Plaintiff") files this Original Complaint for patent infringement against Defendant Lightform, Inc. ("Lightform" or "Defendant") and alleges as follows:

**THE PARTIES**

1. Plaintiff Image Pro Solutions LLC is a limited liability company formed under the laws of the State of Delaware, with a principal place of business at 251 Little Falls Drive, Wilmington, DE 19808.

2. Upon information and belief, Defendant Lightform, Inc. is a corporation formed under the laws of the State of Delaware, with a principal place of business at 123 Langton Street, San Francisco, California 94103.

3. Upon information and belief, Defendant has a regular and established place of business at 182 Howard Street, #3, San Francisco, California 94105.

4. Upon information and belief, Defendant has registered to conduct business in the State of California since at least January 7, 2016. Defendant may be served through its registered agent: Brett Robert Jones, 2626 Ashby Ave, Apt 9, Berkeley, California 94103.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court may properly exercise personal jurisdiction over Defendant because Defendant is at home in the State of California due at least to Defendant's principal place of business located at 123 Langton Street, San Francisco, California 94103.

8. Venue is proper in this District under 28 U.S.C. § 1400(b), as Defendant has committed acts of infringement and has a regular and established place of business in this District.

## DIVISIONAL ASSIGNMENT

9. This action arises in San Francisco county, as Defendant's principal place of business is at 123 Langton Street, San Francisco, California 94103. Therefore, pursuant to Civil L.R. 3-2(d), this action should be assigned to the San Francisco Division or the Oakland Division.

## THE ASSERTED PATENTS

10. U.S. Patent Nos. 7,407,297; 8,632,192; 9,560,307; 10,084,998; and 10,567,718 (collectively, the "Asserted Patents") stem from the innovation of Klip Collective, Inc. ("Klip Collective").

11. Generally, the Asserted Patents all claim methods and/or systems of mapping and/or projecting imagery.

12. Plaintiff is the owner by assignment of all rights in the Asserted Patents, including the sole and exclusive right to enforce the Asserted Patents against infringers, and to collect damages for all relevant times.

13. Klip Collective is a company producing immersive installation art. Klip Collective's audio and visual works are dynamic, large-scale explorations of perception and imagination. By interpreting and transforming architecture, landscape, and objects into active canvases framed by the dark of night, Klip Collective re-shapes the reality of a space.

14. In or around 2003, Ricardo Riveria founded Klip Collective and currently serves as the creative director and president.

15. Klip Collective pioneered immersive projections and installations. Examples of immersive installations by Klip Collective include the following:





16. Klip Collective recognized that projection onto more complex surfaces or adjoining non-coplanar surfaces created distortions of the image. As such, Klip developed novel projection methods and systems to enable projection onto non-contiguous and/or non-adjacent surfaces as well as coordinating projection simultaneously onto multiple surfaces joined at corners.

17. Based on their technology, Klip Collective's novel inventions led to the issuance of U.S. Patent Nos., 7,407,297; 8,066,384; 8,632,192; 9,078,029; 9,560,307; 10,084,998; 10,567,718, and 10,986,319 (collectively, the "Klip Patents").

18. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

19. Defendant has had knowledge of infringement of the Asserted Patents by the Accused Instrumentalities since at least the filing of the Complaint.

20. Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the Asserted Patents.

## THE ACCUSED INSTRUMENTALITIES

21. Upon information and belief, Defendant is the maker, user, seller and/or importer of various projector models and associated kits (collectively, the "Lightform Devices"), including the LF2+ AR Projector ("LF2+") and the LFC Kit ("LFC Kit")[1], operating in conjunction with Lightform Creator design software ("Creator") (collectively, the "Accused Instrumentalities") to infringe various claims of the Asserted Patents. Together the Accused Instrumentalities are design tools for projection mapping.



(https://lightform.com/)

22. The LF2+ is a 1000-lumen LED projector with a 1.2 throw ratio and a minimum scanning distance of 3.3 feet. The LF2+ is suited for small-scale installations and indoor spaces.

---

[1] Plaintiff further accuses various legacy products, including the LF1, LF2 AR Projector, and LF1 Starter Kit, as Lightform Devices.

1  The LF2+ is designed to be used in conjunction with Creator to create visuals. *See* https://lightform.com/creator.



(https://lightform.com/lf2plus)

23. The LFC Kit is a product bundle designed to be utilized with the user's own projector. Included in the LFC Kit is the Lightform Compute (LFC), Logitech Brio, Projector Mounts, and Creator. The LFC is a compact compute for scanning and media playback with Intel Gemini Lake N4000 with 8GB RAM. The Logitech Brio is a 4K color camera for scanning with adjustable focus and field of view. The Projector Mounts are for compute and camera, with adhesive bases for three projectors. Creator is a content creation software. *See* https://lightform.com/lfc.



(https://lightform.com/lfc)

24. The Lightform Devices operate in conjunction with Creator, a content creation software for Mac and PC. Creator allows the user "to create surfaces and easily apply dynamic

effects. Surfaces are essentially masking out a part of the real world that [the user would] like to augment using any of the included Surface Tools, the perspective warp feature, blend modes, and the ability to edit masks with real-time feedback as well as regular tools [the user would] expect from a projection mapping software." *See* https://lightform.com/creator. A perpetual license to Creator is included in every Lightform Device sold.

(https://lightform.com/creator)

## CLAIM I – INFRINGEMENT OF U.S. PATENT NO. 7,407,297

25. On August 5, 2008, United States Patent No. 7,407,297 ("the '297 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Image Projection System and Method." Attached hereto as Exhibit A.

26. The '297 Patent is presumed valid and enforceable.

27. The '297 Patent generally covers systems and methods of mapping and/or projecting images onto a three-dimensional architecture.

28. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '297 Patent by making, using, selling, offering for sale, and/or importing the Accused Instrumentalities that practice at least method claim 1.

29. Specifically, Defendant and its end-user customers have directly infringed at least method claim 1 of the '297 Patent by using the Accused Instrumentalities, at least in the manner of internal testing and development within the United States. For example, Defendant practiced every element of method claim 1 at least when the Accused Instrumentalities were tested by

Defendant. Furthermore, Defendant's end-user customers have infringed method claim 1 when using the Accused Instrumentalities in their customary manner. *See* '297 Exemplary Infringement Chart, attached as Exhibit A-1.

30. Infringement of claim 1 is an example of infringement of the '297 Patent. Defendant and its end-user customers further infringe claims 2-20 of the '297 Patent.

31. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## CLAIM II – INFRINGEMENT OF U.S. PATENT NO. 8,632,192

32. On January 21, 2014, United States Patent No. 8,632,192 ("the '192 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Image Projection Kit and Method and System Of Distributing Image Content For Use With The Same." Attached hereto as Exhibit B.

33. The '192 Patent is presumed valid and enforceable.

34. The '192 Patent generally covers an image projection kit and an imagery content distribution system and method.

35. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '192 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 7.

36. Specifically, Defendant and its end-user customers have directly infringed at least method claim 7 of the '192 Patent by using the Accused Instrumentalities, at least in the manner

of internal testing and development within the United States. For example, Defendant practiced every element of method claim 7 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 7 when using the Accused Instrumentalities in their customary manner. *See* '192 Exemplary Infringement Chart, attached as Exhibit B-1.

37. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**CLAIM III - INFRINGEMENT OF U.S. PATENT NO. 9,560,307**

38. On January 21, 2014, United States Patent No. 9,560,307 ("the '307 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "IMAGE PROJECTION KIT AND METHOD AND SYSTEM OF DISTRIBUTING IMAGE CONTENT FOR USE WITH THE SAME." Attached hereto as Exhibit C.

39. The '307 Patent is presumed valid and enforceable.

40. The '307 Patent generally covers a method for projecting imagery onto a plurality of non-coplanar surface.

41. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '307 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 1.

42. Specifically, Defendant and its end-user customers have directly infringed at least method claim 1 of the '307 Patent by using the Accused Instrumentalities, at least in the manner

of internal testing and development within the United States. For example, Defendant practiced every element of method claim 1 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 7 when using the Accused Instrumentalities in their customary manner. *See* '307 Exemplary Infringement Chart, attached as Exhibit C-1.

43. Infringement of claim 1 is an example of infringement of the '307 Patent. Defendant and its end-user customers further infringe claims 2-12 of the '307 Patent.

44. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**CLAIM IV - INFRINGEMENT OF U.S. PATENT NO. 10,084,998**

45. On September 25, 2018, United States Patent No. 10,084,998 ("the '998 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "IMAGE PROJECTION KIT AND METHOD AND SYSTEM OF DISTRIBUTING IMAGE CONTENT FOR USE WITH THE SAME." Attached hereto as Exhibit D.

46. The '998 Patent is presumed valid and enforceable.

47. The '998 Patent generally covers a method of projecting imagery.

48. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of equivalents, and continue to infringe the '998 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 1.

49. Specifically, Defendant and its end-user customers have directly infringed at least method claim 1 of the '998 Patent by using the Accused Instrumentalities, at least in the manner of internal testing and development within the United States. For example, Defendant practiced every element of method claim 1 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 1 when using the Accused Instrumentalities in their customary manner. *See* '998 Exemplary Infringement Chart, attached as Exhibit D-1.

50. Infringement of claim 1 is an example of infringement of the '998 Patent. Defendant and its end-user customers further infringe claims 2-17 of the '998 Patent.

51. Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284..

## CLAIM V - INFRINGEMENT OF U.S. PATENT NO. 10,567,718

52. On February 18, 2022, United States Patent No. 10,567,718 ("the '718 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "IMAGE PROJECTION KIT AND METHOD AND SYSTEM OF DISTRIBUTING IMAGE CONTENT FOR USE WITH THE SAME."  Attached hereto as Exhibit E.

53. The '718 Patent is presumed valid and enforceable.

54. The '718 Patent generally covers a method of projecting imagery.

55. Defendant and its end-user customers, without authority from Plaintiff and in violation of 35 U.S.C. § 271(a), have directly infringed, literally or under the doctrine of

equivalents, and continue to infringe the '718 Patent by making, using, selling, and/or offering for sale the Accused Instrumentalities that practice at least method claim 2.

56.  Specifically, Defendant and its end-user customers have directly infringed at least method claim 2 of the '718 Patent by using the Accused Instrumentalities, at least in the manner of internal testing and development within the United States. For example, Defendant practiced every element of method claim 2 at least when the Accused Instrumentalities were tested by Defendant. Furthermore, Defendant's end-user customers have infringed method claim 2 when using the Accused Instrumentalities in their customary manner. *See* '718 Exemplary Infringement Chart, attached as Exhibit E-1.

57.  Infringement of claim 2 is an example of infringement of the '718 Patent. Defendant and its end-user customers further infringe claims 1, 3-22 of the '718 Patent.

58.  Plaintiff has been damaged as a result of the infringing conduct by Defendant as alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates Plaintiff for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

A.  That Judgment be entered that Defendants have infringed at least one or more claims of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B.  An award of damages sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendant's willful infringement;

C. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorney fees;

D. Costs and expenses in this action;

E. An award of prejudgment and post-judgment interest; and

F. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

| | |
|---|---|
| DATED: May 30, 2023 | Respectfully submitted,<br><br>By: /s/ *Steven W. Ritcheson*<br>Steven W. Ritcheson (SBN 174062)<br>INSIGHT, PLC<br>578 Washington Blvd., #503<br>Marina del Rey, CA 90292<br>818-744-8714<br>swritcheson@insightplc.com<br><br>Hao Ni (*pro hac vice to be filed*)<br>hni@nilawfirm.com<br>Texas Bar No. 24047205<br><br>**Ni, Wang & Massand, PLLC**<br>8140 Walnut Hill Ln., Ste. 500<br>Dallas, TX 75231<br>Tel: (972) 331-4600<br>Fax: (972) 314-0900<br><br>*COUNSEL FOR PLAINTIFF*<br>*IMAGE PRO SOLUTIONS LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of California, Oakland Division, using the electronic case filing system of the court. A true and complete copy of the foregoing document has been served upon all counsel of record.

/s/